[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 504.]

STICKNEY ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, APPELLEE.

[Cite as *Stickney v. State Farm Mut. Auto. Ins. Co.*, 2000-Ohio-386.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—*
*Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 98-2445—Submitted April 26, 2000–Decided May 24, 2000.)

APPEAL from the Court of Appeals for Richland County, No. 98CA7.

———————————

*Elk & Elk Co., L.P.A., Thomas L. Dettelbach* and *Todd O. Rosenberg*, for
appellants.

*Meyers, Hentemann & Rea Co., L.P.A., Henry A. Hentemann* and *J.*
*Michael Creagan*, for appellee.

———————————

{¶ 1} The judgment of the court of appeals is vacated, and the cause is
remanded to the trial court for further proceedings and consideration, where
applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio
St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio
St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**DOUGLAS, J., concurring.**

{¶ 2} Even a cursory reading of this entry, and others like it, reveals that
this and other cases are remanded to trial courts to apply *Wolfe v. Wolfe* (2000), 88
Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88

Ohio St.3d 27, 723 N.E.2d 97, "where applicable." If either or both cases are applicable, then the trial courts will have no difficulty in so applying. If neither case is applicable, a fact that is difficult to discern at this juncture in all of these cases, given the different policy dates and language used in the policies, then trial courts will know to dismiss the case(s) before them. The dissent, I believe, doesn't give enough credit to our trial courts and attorney litigators.

————————————

**LUNDBERG STRATTON, J., dissenting.**

**{¶ 3}** I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

**{¶ 4}** In this case, appellants challenge the constitutionality of Am.Sub.S.B. No. 20 ("S.B. 20") and argue that the setoff provision in R.C. 3937.18(A)(2) directly conflicts with R.C. 3937.18(H), which limits a loss of consortium claim to the single limit of coverage. The issue of whether the insurance contract constitutes a new or a renewal contract was not raised in the court below. This court will not ordinarily consider a claim of error that was not raised in any way in the appellate court and was not considered or decided by that court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph two of the syllabus.

**{¶ 5}** In addition, I do not agree that the analysis of R.C. 3937.18(A)(1) in *Moore v. State Auto. Mut. Ins. Co.* has any application to an analysis of R.C. 3937.18(H). However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 254, 725 N.E.2d at 268, and *Moore v. State Auto. Mut. Ins. Co.*, 88 Ohio St.3d at 33, 723 N.E.2d at 103.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____