[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 542.]

SPOERNDLE ET AL., APPELLANTS, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLEE.

[Cite as *Spoerndle v. Nationwide Mut. Ins. Co.*, 2000-Ohio-408.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—Court of appeals' judgment vacated and cause remanded to trial court.*

(Nos. 99-1269 and 99-1426—Submitted April 11, 2000—Decided May 24, 2000.)

CERTIFIED by and APPEAL from the Court of Appeals for Summit County, No. 19289.

───────────────

*Bashein & Bashein Co., L.P.A.*, and *W. Craig Bashein; Paul W. Flowers Co., L.P.A.*, and *Paul W. Flowers*, for appellants.

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Timothy D. Johnson, Gregory E. O'Brien* and *Randy L. Taylor*, for appellee.

───────────────

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

───────────────

**DOUGLAS, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I do not agree with the majority's application of *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261. In these cases, appellants asserted one proposition of law regarding the interpretation of R.C. 3937.18(A)(2), as amended by Am.Sub.S.B. No. 20 ("S.B.20"), effective October 20, 1994. As part of its analysis, the court of appeals determined that the Nationwide policies in question were new contracts as of July 1995 when they were issued. The court concluded that S.B. 20 was in existence in July 1995 and applies to this case. The parties did not appeal this finding and, therefore, I believe they have waived the issue. I do not agree that this court has the authority to remand a case for application of *Wolfe* when the parties have not raised the issue. A remand for the court below to apply *Wolfe* gives the appellants a second bite at the apple in the event that the policies, according to *Wolfe*'s interpretation, were issued prior to October 20, 1994, so that the law prior to the passage of S.B. 20 would apply. This was not the issue before us when we voted to allow jurisdiction in this case. However, to the extent that the majority believes that *Wolfe* should apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269.

{¶ 4} I also dissent to the majority's application of *Moore v. State Auto. Mut. Ins. Co*. (2000), 88 Ohio St.3d 27, 723 N.E.2d 97. The majority, without comment, merely applies *Moore* and its analysis of R.C. 3937.18(A)(1) and uninsured motorist coverage to the Spoerndles' proposition of law regarding R.C. 3937.18(A)(2) and underinsured motorist coverage. To the extent that the majority intends *Moore* to apply to underinsured, as well as to uninsured motorist coverage,

2

I respectfully dissent for the reasons set forth in my dissenting opinion in *Moore,* 88 Ohio St.3d at 33, 723 N.E.2d at 103.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____