[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 546.]

ROGERS, EXR., ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, APPELLEE.

[Cite as *Rogers v. State Farm Mut. Auto. Ins. Co.*, 2000-Ohio-410.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—*
*Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 99-1602—Submitted April 11, 2000—Decided May 24, 2000.)

APPEAL from the Court of Appeals for Butler County, No. CA98-10-215.

_____

*Roger N. Walk* and *Charles H. Bartlett, Jr.*, for appellants.

*Gallagher, Bradigan, Gams, Pryor & Littrell, L.L.P.*, and *James R. Gallagher*, for appellee.

_____

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**DOUGLAS, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

{¶ 4} This case involves the application of R.C. 3937.18(H). Although the appellants argued in favor of the former version of R.C. 3937.18, as interpreted by *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the court of appeals applied R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20 ("S.B. 20"). The appellate court noted that the *initial* insurance policy in this case was issued on September 10, 1993. Because the accident occurred on January 22, 1996, the court determined that the trial court properly applied R.C. 3937.18(H) as amended.

{¶ 5} Appellants asserted one proposition of law in this case, arguing the opposite of the court's holding in *Wolfe*, that the automatic renewal was simply a continuation of the initial contract. Per *Wolfe*, the initial policy that was issued in September 1993 was in effect for a guaranteed two-year period. When the policy was renewed in September 1995, per *Wolfe*, this renewal constituted a new contract for another guaranteed two-year period. The accident occurred in January 1996. The appellate court correctly concluded that R.C. 3937.18(H), as amended by S.B. 20, applied.

{¶ 6} In addition, I do not agree that the analysis of R.C. 3937.18(A)(1) in *Moore v. State Auto. Mut. Ins. Co.* has any application to an analysis of R.C. 3937.18(H). However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co.*, 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____