**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 509.]**

POWERS ET AL., APPELLANTS, *v.* NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY, APPELLEE.

[Cite as *Powers v. Nationwide Mut. Fire Ins. Co.*, 2000-Ohio-420.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—*
*Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 99-2260—Submitted April 26, 2000—Decided May 24, 2000.)

APPEAL from the Court of Appeals for Mahoning County, No. 97CA219.

————————————

*Matthew C. Giannini* and *Mary Ann Fabrizi*, for appellants.

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Timothy D. Johnson* and
*Daniel A. Richards*, for appellee.

————————————

{¶ 1} The judgment of the court of appeals is vacated, and the cause is
remanded to the trial court for further proceedings and consideration, where
applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio
St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio
St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**DOUGLAS, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v.*
*State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

{¶ 4} I believe that a *Wolfe* analysis is unnecessary. The appellate court determined that appellants initially purchased insurance from Nationwide in 1989. The court held that the renewal of the policy in March 1995 constituted a new contract of insurance. This is consistent with this court's holding in *Wolfe*. The accident in this case occurred in June 1995. Thus, the appellate court correctly concluded that R.C. 3937.18, as amended by Am.Sub.S.B. No. 20 ("S.B. 20"), applied. Furthermore, the parties did not appeal this issue; therefore, I believe it has been waived.

{¶ 5} In addition, I do not agree that the analysis of R.C. 3937.18(A)(1) in *Moore v. State Auto. Mut. Ins. Co.* has any application to an analysis of R.C. 3937.18(H). However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co.*, 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

———————————