**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 535.]**

KARR, ADMR., ET AL., APPELLANTS, *v*. BORCHARDT ET AL., APPELLEES.

[Cite as *Karr v. Borchardt*, 2000-Ohio-393.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—Court of Appeals' judgment vacated and cause remand to trial court.*

(Nos. 99-219, 99-222, 99-223 and 99-224—Submitted April 11, 2000—Decided May 24, 2000.)

APPEALS from the Court of Appeals for Seneca County, Nos. 13-98-33, 13-98-36, 13-98-35 and 13-98-34.

_____

*Murray & Murray Co., L.P.A., Dennis E. Murray, Sr., W. Patrick Murray, Charles M. Murray* and *Steven C. Bechtel*, for appellants.

*Myers, Hentemann & Rea Co., L.P.A., Henry A. Hentemann* and *J. Michael Creagan*, for appellee Progressive Insurance Company in case No. 99-219.

*Davis & Young* and *Paul D. Eklund*, for appellee Westfield Insurance Company in case No. 99-222.

*Eastman & Smith Ltd.* and *John D. Willey, Jr.*, for appellee Allstate Insurance Company in case No. 99-223.

*Gallagher, Bradigan, Gams, Pryor & Littrell, L.L.P.,* and *James R. Gallagher; Kitch, Drutchas, Wagner & Kenney, P.C., John S. Wasung* and *Susan Nealey Zitterman*, for appellee State Farm Mutual Insurance Company in case No. 99-224.

_____

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio

St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**Douglas, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that either *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to these consolidated cases. Case Nos. 99-219, 99-223, and 99-224 were filed by the decedent's administrator and three of the decedent's adult children, who are seeking underinsured motorist coverage under their own individual automobile insurance policies for the wrongful death of their mother as a result of an automobile accident occurring on July 8, 1996. Case No. 99-222 was filed by the administrator and decedent's husband, who asserted one proposition of law that challenges the constitutionality of R.C. 3937.18(A). They also argue that the husband has a separate claim for damages not subject to the per-person limits of the underinsured motorist coverage of his automobile insurance policy, contrary to R.C. 3937.18(H).

{¶ 4} These cases raise multiple issues that I do not believe may be resolved by the application of either *Wolfe* or *Moore*. The issue of whether the insurance contract constitutes a new or a renewal contract was not raised in the court below. This court will not ordinarily consider a claim of error that was not raised in any way in the appellate court and was not considered or decided by that court. *State*

*v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph two of the syllabus; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph two of the syllabus.

{¶ 5} Furthermore, I do not believe that the analysis of R.C. 3937.18(A)(1) in *Moore* has any application to an analysis of R.C. 3937.18(H), nor do I agree that *Moore* should be applied to R.C. 3937.18(A)(2).  However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co.*, 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____