[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 507.]

IZEV, APPELLANT, *v*. NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLEE.

[Cite as *Izev v. Nationwide Mut. Ins. Co.*, 2000-Ohio-419.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage— Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 99-2258—Submitted April 26, 2000—Decided May 24, 2000.)

APPEAL from the Court of Appeals for Medina County, No. 2865-M.

————————————

*Dennis O. Norman*, for appellant.

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Gregory E. O'Brien* and *Randy L. Taylor*, for appellee.

————————————

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97.

Douglas, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**DOUGLAS, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

{¶ 4} Appellant's first proposition of law in this case challenges the constitutionality of R.C. 3937.18(H). The court below refused to address this issue because appellant did not raise it at the trial court level. Likewise, the issue is not properly before this court. This court will not ordinarily consider a claim of error that was not raised in any way in the appellate court and was not considered or decided by that court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph two of the syllabus; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph two of the syllabus.

{¶ 5} Appellant's second proposition of law argues that his insurance policy is void as against public policy because it provides that all derivative claims flowing from an injury to one person are subject to the per-person limits of the policy. The appellate court determined that Am.SubS.B. No. 20, enacted on October 20, 1994, was the statutory law in effect on November 25, 1995, the date appellant's policy was renewed. Appellant did not appeal this finding; therefore, I believe that appellant has waived the issue. I do not agree that this court has the authority to remand a case for application of *Wolfe* when the parties have not raised the issue. A remand for the court below to apply *Wolfe* gives the appellant a second bite at the apple in the event that the policy, according to *Wolfe*'s interpretation, was issued prior to October 20, 1994, so that the law prior to Am.Sub.S.B. No. 20 would apply. This was not the issue before us when we voted to allow the appeal in this case.

{¶ 6} Furthermore, I do not believe that the analysis of R.C. 3937.18(A)(1) in *Moore v. State Auto. Mut. Ins. Co.* has any application to an analysis of R.C.

3937.18(H). However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co*., 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

_____