[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 538.]

COLETTA, ADMR., APPELLANT, *v*. YANG ET AL.; ST. PAUL FIRE & MARINE
INSURANCE COMPANY, APPELLEE.

[Cite as *Coletta v. Yang*, 2000-Ohio-396.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage—*
*Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 99-378—Submitted April 11, 2000—Decided May 24, 2000.)

APPEAL from the Court of Appeals for Montgomery County, No. 17289.

————————————

*Santen & Hughes* and *William E. Santen, Jr.,* for appellant.

*Bieser, Greer & Landis, L.L.P., Leo F. Krebs* and *Sean P. Donovan,* for
appellee.

————————————

{¶ 1} The judgment of the court of appeals is vacated and the cause is
remanded to the trial court for further proceedings and consideration, where
applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio
St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio
St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**DOUGLAS, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v.
State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

{¶ 4} This case involves the application of R.C. 3937.44, which relates to liability coverage (although appellant consistently argued the merits of R.C. 3937.18[H], the uninsured motorrist/underinsured motorist counterpart of R.C. 3937.44). The parties agreed that the applicable insurance policy was issued in December 1996 and that Am.Sub.S.B. No. 20 ("S.B. 20") applied. Although the appellant argued in favor of the former version of R.C. 3937.18, as interpreted by *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the court of appeals applied R.C. 3937.18(H) and 3937.44 as amended by S.B. 20.

{¶ 5} The appellate court has already determined that the insurance contract was entered into in December 1996, more than two years after the enactment of S.B. 20. The accident occurred in August 1997. The appellate court correctly concluded that R.C. 3937.18(H) and 3937.44, as amended by S.B. 20, applied. I believe that a *Wolfe* analysis is unnecessary. Furthermore, the parties did not appeal this issue; therefore, I believe it has been waived.

{¶ 6} In addition, I do not agree that the analysis of R.C. 3937.18(A)(1) in *Moore v. State Auto. Mut. Ins. Co.* has any application to an analysis of R.C. 3937.18(H) or to 3937.44. However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co.*, 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

————————————