DECISION AND JOURNAL ENTRY
Appellants the Estate of Roy S. Rutan, Jr., his parents and two minor brothers have appealed from a judgment of the Summit County Common Pleas Court that granted summary judgment in favor of Appellees State Farm Casualty Co. (State Farm) and Erie Insurance Group (Erie). This Court affirms.
 I.
On December 26, 1996, Roy S. Rutan, Jr. was a passenger in an automobile driven by Gus Cusma. An accident occurred, and Rutan died as a result.
Mr. Cusma was insured through State Farm as was his automobile. His insurance policy had liability limits of $100,000 per person and $300,000 per occurrence. Mr. Cusma was also insured under an uninsured/underinsured motorist policy with State Farm. That policy had coverage limits of $100,000 per person and $300,000 per accident. State Farm has paid Rutan's estate $100,000 under Mr. Cusma's liability policy. It has refused payment under the uninsured/underinsured policy.
Rutan was insured through Erie. Erie provided the Rutan family with uninsured/underinsured motorist coverage in the amount of $25,000 per person and $50,000 per occurrence. Erie has not paid any amount to Rutan's estate.
On December 28, 1998, Appellants filed a declaratory judgment action in the Summit County Common Pleas Court, naming State Farm and Erie as defendants. The complaint sought a declaration of Appellants' rights under the aforementioned policies. All parties moved for summary judgment. After briefing, on November 2, 1999, the trial court denied Appellants' motion and entered summary judgment in favor of State Farm and Erie. Specifically, the trial court held that R.C. 3937.18 only allows an uninsured/underinsured motorist claim when the tortfeasor's liability coverage is less than the uninsured/underinsured coverage available under each policy. It further held that because State Farm already tendered $100,000, under the language of the respective policies, both State Farm and Erie's liability under Cusma and Rutan's uninsured/underinsured policies had been effectively reduced to nothing. Appellants have appealed.
 II.
On appeal and in their briefs, Appellants advanced two arguments: (1) R.C. 3937.18(A)(2), as amended by S.B. 20, is unconstitutional; and (2) Appellants have a pre-S.B. 20 claim against Erie. However, during oral arguments, Appellants expressly waived the reasoning under their first argument and abandoned their second point in its entirety. Instead, they argued that, in light of numerous decisions issued by the Ohio Supreme Court on May 24, 2000 and the reasoning therein, R.C.3937.18, as amended, must be deemed unconstitutional.[1]
Appellants further maintained that, as a result, the trial court's decision limiting State Farm and Erie's liability must be reversed and the cause remanded.
In Cicco v. Stockmaster (2000), 89 Ohio St.3d 95, syllabus, the Ohio Supreme Court held that a party who challenges the constitutionality of a statute must (1) assert that claim in the complaint or initial pleading, and (2) serve the Attorney General in accordance with the methods set forth in the Ohio Rules of Civil Procedure. If a party fails to meet these two requirements, the trial court lacks jurisdiction to decide the constitutional question. Id. at 100. Upon review of the record, it appears that Appellants neither alleged that R.C. 3937.18(A)(2) was unconstitutional nor served the Attorney General. As such, Appellants improperly raised constitutional issues for the first time in their briefings on the respective motions for summary judgment. Consequently, Appellants' arguments addressing the constitutionality of R.C.3937.18(A)(2) are not properly before this Court. Id. at 100-101.
 III.
Because Appellants waived their pre-S.B. 20 argument and the question of the constitutionality of R.C. 3937.18(A)(2) is not properly before this Court, Appellants' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 _____________________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P. J.
SLABY, J., CONCUR
[1] Those cases include, but are not limited to, the following:Alrjub v. Wheeler (2000), 88 Ohio St.3d 544; Coletta v. Yang
(2000), 88 Ohio St.3d 538; Gild v. State Farm Mut. Auto. Ins. Co.
(2000), 88 Ohio St.3d 510; Holcomb v. State Fam Ins. Co. (2000),88 Ohio St.3d 537; Izev v. Nationwide Mut. Ins. Co. (2000),88 Ohio St.3d 507; Karr v. Borchardt (2000), 88 Ohio St.3d 535; Kingv. Grange Mut. Casualty Co. (2000), 88 Ohio St.3d 539; Lippert v.Peace (2000), 88 Ohio St.3d 541; Meece v. State Farm Mut. Auto.Ins. Co. (2000), 88 Ohio St.3d 547; Moroney v. Annis (2000),88 Ohio St.3d 506; Powers v. Nationwide Mut. Fire Ins. Co. (2000),88 Ohio St.3d 509; Rogers v. State Farm Mut. Auto. Ins. (2000),88 Ohio St.3d 546; Spoerndle v. Nationwide Mut. Ins. Co. (2000),88 Ohio St.3d 542; and, Stickney v. State Farm Mut. Auto. Ins. Co.
(2000), 88 Ohio St.3d 504.