OPINION
This appeal is taken by Plaintiff/Appellant Sandra R. Wallar et al., from the judgment entered by the Court of Common Pleas of Crawford County denying her motion for summary judgment and finding for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
On May 12, 1997, John Randolph, while operating a semi-tractor in the course and scope of his employment with Durant Enterprises, Inc., negligently caused a motor vehicle collision that resulted in the permanent injury of Sandra R.Wallar, Plaintiff/Appellant. On August 12, 1998, as a result of that collision, Wallar filed a lawsuit in the Crawford County Court of Common Pleas naming John Randolph and Durant Enterprises, Inc. (collectively "Randolph") as Defendants. The Plaintiff/Appellants included the injured Sandra Wallar, her husband, James Wallar, and her natural children Bartley Wayne Scarbro, Justin Tyler Scarbro, and Stacey Ray Scarbro ("the children").
Sandra Wallar alleged damages resulting from the accident in the form of physical injuries, mental and emotional injuries, loss of wages and future earnings and continued medical bills. James Waller alleged damages in the complaint resulting from the loss of consortium of his wife. The children further alleged within the complaint that they had suffered damages as well because they had been deprived of the "society, companionship, and consortium of their mother", Sandra Wallar.
Soon after the lawsuit began James Waller died and Plaintiff/Appellant amended her complaint to include the Estate of James R. Waller. Wallar again amended the complaint to include a count against their uninsured/underinsured motorist ("UM/UIM") insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm") as a Defendant.
Randolph admitted liability in connection with the May 12, 1997 accident and settled with Wallar for $1,000,000. The $1,000,000 settlement proceeds were divided as follows: Sandra Wallar, $970,000.03, Bartley W. Scarbro, $9,999.99, Justin T. Scarbro, $9,999.99, and Stacey R. Scarbro, $9,999.99.
State Farm denied any liability to Wallar claiming in their answer to the amended complaint that "it does not believe that underinsured motorist coverage applies in this case, because, upon information and belief, there is $1 million in liability coverage available pursuant to a policy of insurance covering John C. Randolph and/or Durant Enterprises, Inc."
On September 1, 1999, Wallar moved for summary judgment "on the issue of the amount of underinsured motorist coverage available under the" State Farm insurance policy. On January 13, 2000, the trial court denied Wallar's motion for summary judgment and instead granted summary judgment to State Farm.
The judgment entry read in part:
 "* * * the Plaintiff's Motion for Summary Judgment is determined as follows:
 The $1,000,000.00 policy limits paid by the tortfeaser(sic)/liable party shall be offset against the $100,000 policy limits. There is no available underinsured coverage available to the insureds/Plaintiffs.
 This matter involved one bodily injury and all claims are joined for that purpose into a single insurance claim. If there had not been an off-set, the total claims of the Plaintiffs herein would have been limited to $100,000 minus any amounts paid to them by the tortfeaser(sic)/liable party.
On appeal from judgment Wallar makes the following assignments of error:
 The trial court erred in holding that State Farm Mutual is not obligated to afford underinsured motorist coverage to any of the plaintiffs.
In accordance with recent Supreme Court authority, this Court declines to answer the error assigned by Appellant and orders that the judgment of the Court of Common Pleas of Crawford County be vacated and the cause remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in Wolfe v. Wolfe (2000), 88 Ohio St.3d 535, 728 N.E.2d 362 and Moore v. State Auto Mut. Ins. Co. (2000),88 Ohio St.3d 27, 723 N.E.2d 97.
SHAW and WALTERS, JJ., concur.