**ROLLIN, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

[Cite as *Rollin v. Nationwide Mut. Ins. Co.* (2000), 145 Ohio App.3d 1.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007313.

Decided Sept. 20, 2000.

*W. Andrew Hoffman III* and *Ronald A. Apelt,* for appellant.

*Gregory O'Brien,* for appellee.

---

CARR, Judge.

Plaintiff-appellant Joan Rollin appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment on behalf of Nationwide Mutual Insurance Company ("Nationwide"). This court affirms.

### I

On June 13, 1994, James Clement ("Clement"), the father of appellant Rollin, died in an automobile accident in Florida. At that time, Rollin had an automobile insurance policy with Nationwide. This policy provided uninsured/underinsured motorist ("UM/UIM") coverage limits in the amount of $300,000, which extended to relatives. The policy defined a relative as "one who regularly lives in your household related to you by blood, marriage, or adoption." Clement lived in Inverness, Florida, while Rollin lived in Wellington, Ohio.

Rollin filed a claim with Nationwide seeking coverage under the UM/UIM provisions of her insurance policy. Nationwide denied coverage since Clement did not live with Rollin, and, therefore, was not a relative as defined by the terms of the insurance policy.

On June 12, 1996, Rollin filed suit in the Lorain County Court of Common Pleas seeking UM/UIM benefits for the death of Clement. Nationwide responded, and filed a motion for summary judgment. Rollin filed a cross-motion for summary judgment. The trial court granted Nationwide's motion for summary judgment and denied Rollin's cross-motion for summary judgment. Rollin presents a single assignment of error on appeal.

## II

### Assignment of Error

"The trial court erred in granting defendant Nationwide's motion for summary judgment and in failing to grant Joan Rollin's cross-motion for summary judgment since defendant's exclusionary language requiring a relative for or an insured to reside in the same household is contrary to Ohio law as outlined in the Ohio Supreme Court case of *Sexton v. State Farm Mutual Auto. Insurance Company* (1982), 69 Ohio St.2d 431 [23 O.O.3d 385, 433 N.E.2d 555]."

In her assignment of error, Rollin argues that the trial court erred when it granted summary judgment for Nationwide. Specifically, Rollin claims that her policy with Nationwide entitles her to coverage for the death of her father (Clement) and that Nationwide unlawfully narrowed the definition of what constitutes a relative for purposes of UM/UIM coverage. This court disagrees.

■ When only legal questions are involved, as in this case, an appellate court will not afford a trial court any special deference when reviewing an entry of summary judgment. *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691, 691–692; *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064. Rather, the appellate court will apply the same standard used by the trial court, and will review the matter *de novo*. *Klingshirn* at 180, 680 N.E.2d at 691–692, citing *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

Civ.R. 56(C) provides that summary judgment may be granted only when a court is satisfied that there is no genuine issue as to any material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to one conclusion that, even viewing the evidence most strongly in favor of the nonmoving party, is adverse to the nonmoving party. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. The substantive law involved controls which facts are considered material; those factual disputes that have the potential to affect the outcome of a lawsuit are material and would preclude summary judgment, while factual disputes that cannot affect the outcome are deemed irrelevant and will not affect summary judgment. *Orndorff v. Aldi, Inc.* (1996), 115 Ohio App.3d 632, 635, 685 N.E.2d 1298, 1299–1300, ·citing

*Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211.

The Ohio Supreme Court has explained the burden allocation involved for moving and nonmoving parties:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis deleted.) *Dresher, supra*, at 293, 662 N.E.2d at 274,.

■ Under Nationwide's policy, a relative was eligible for UM/UIM coverage. "Relative" was defined as "one who regularly lives in your household related to you by blood, marriage, or death." Here, Clement, the father of Rollin, lived in Florida while Rollin lived in Ohio. Clearly, Clement did not "regularly live" in the household of Rollin.

This court has previously considered cases where claimants sought to invoke similar language in an insurance policy and determined that coverage was properly denied. See *Brown v. Allstate Ins. Co.* (1991), 81 Ohio App.3d 87, 90, 610 N.E.2d 478, 479–480; *Spoerndle v. Nationwide Mut. Ins. Co.* (June 16, 1999), Summit App. No. 19289, unreported, 1999 WL 394893, vacated (2000), 88 Ohio St.3d 542, 728 N.E.2d 367; *Nationwide Mut. Ins. Co. v. Wright* (June 5, 1996), Lorain App. No. 95CA006190, unreported, 1996 WL 304205, appeal not allowed (1996), 76 Ohio St.3d 1478, 669 N.E.2d 860. In *Spoerndle* and *Wright*, this court reviewed the UM/UIM provisions of Nationwide and found that the policy lawfully excepted from coverage those relatives who did not regularly live with the policy holder.

However, the Ohio Supreme Court recently reversed this court on this very issue. *Spoerndle v. Nationwide Mut. Ins. Co.* (2000), 88 Ohio St.3d 542, 728 N.E.2d 367, citing *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and

*Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97. The *Moore* court concluded that an insurance policy with UM/UIM provisions excluding relatives who did not live with the policyholder was unlawful pursuant to R.C. 3937.18(A)(1). *Moore, supra*, at 31–33, 723 N.E.2d at 101–103. Accordingly, any cases from this district conflicting with *Moore* are overruled.

The analysis turns then to whether Rollin is entitled to recover under the UM/UIM provisions of her insurance policy. This court concludes this question in the negative.

This court has previously considered the issue of the appropriate choice of laws that would govern a claimant's recovery for purposes of a UM/UIM claim. See *Simcox v. Westfield Co.* (Apr. 29, 1998), Medina App. No. 2697–M, unreported, 1998 WL 208821; *Clement v. Grange Mut. Casualty Co.* (Apr. 22, 1998), Medina App. No. 2698–M, unreported, 1998 WL 195904. Because Rollin's father died in an accident in Inverness, Florida, the law of Florida governs the question of whether Rollin was a party entitled to recover for damages.

Rollin is not entitled to recover under Florida law. In a wrongful death action, adult children may recover damages for lost support and services in all instances. Fla.Stat.Ann. 768.21(1). Adult children of a decedent may only recover damages for mental pain and suffering and lost companionship if there is no surviving spouse. Fla.Stat.Ann. 768.21(3). Since Clement was survived by his spouse, Rollin could only recover for lost support or services. See *Simcox* and *Clement, supra*. The record is void of any specific claim for lost support or services made by Rollin. Accordingly, since Rollin is not legally entitled to recover from the tortfeasor in Florida, Nationwide is not under any obligation to pay Rollin under the UM/UIM provision of the insurance policy. See *Id.*

Rollin's sole assignment of error is overruled.

*Judgment affirmed.*

BATCHELDER, P.J., and BAIRD, J., concur.