OPINION
This appeal is taken from a decision of the Court of Common Pleas of Crawford County entering summary judgment in favor of State Farm Insurance Companies ("Appellee"). For the reasons expressed in the following opinion, we affirm the trial court's decision.
On July 26, 1997, Taylor Stauffer was riding as a passenger in a vehicle driven by Anita Wells. During the course of their travel, Wells lost control of the vehicle, which then struck a ditch and rolled over several times. Taylor died as a result of the injuries sustained in the accident.
It is undisputed that Wells was insured under a policy issued by Ohio Casualty Group. The policy included a $50,000 "per person" limitation. Following the accident, Wells' insurance company paid the entire "per person" policy limit to Taylor's estate.
Thereafter, on July 13, 1998, Walter P. Stauffer, individually and as administrator of his son's estate, filed the instant declaratory judgment action to determine the amount of recovery for underinsured motorist benefits pursuant to four separate automobile liability insurance policies issued by Appellee. Also named as plaintiffs were Taylor's mother and sister, Karen Stauffer and Jennifer Vermillion, respectively. These parties will be collectively referred to as "Appellants" hereinafter.
Appellee answered the action, denying that Appellants were entitled to coverage under the policies at issue. The case proceeded with discovery until May 6, 1998, when Appellee filed a motion for summary judgment. Rather than respond to Appellee's motion, Appellants filed a motion to stay the lawsuit until the Ohio Supreme Court issued decisions in two pending insurance cases, arguing that the outcomes may affect the instant matter. In a judgment entry dated November 4, 1999, the court granted Appellants' request and placed the case on the inactive docket until the pending cases were resolved.
On May 24, 2000, the Ohio Supreme Court rendered decisions in the two cases: Coletta v. Yang (2000), 88 Ohio St.3d 538 and Baughman v. StateFarm Mut. Ins. Co. (2000), 88 Ohio St.3d 480. Arguing that neither of these decisions affected the present suit, Appellee filed a motion to return the case to the active docket. By judgment entry dated July 12, 2000, the trial court granted the motion and ordered Appellants to respond to the previously filed motion for summary judgment. Although Appellants filed a timely response to the motion, the trial court ultimately granted summary judgment in favor of Appellee. This decision was journalized on August 23, 2000. It is from this final order that Appellants have taken the present appeal wherein they assert two assignments of error for our review and consideration.
 Assignment of Error I
The trial court erred in holding that State Farm is not obligated to provide underinsured motorist coverage to any of the Plaintiffs.
In this assignment of error, Appellants argue that the trial court should have considered this case in conjunction with the recent Supreme Court authority set forth in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246,728 N.E.2d 362, and Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, 723 N.E.2d 97, and that the failure to do so requires us to vacate the judgment and remand for further proceedings. Given the facts and nature of this particular case, we do not agree.
First, we are compelled to note that despite Appellants' assertions to the contrary, the trial court did consider the applicability of theWolfe case as is clearly stated in the August 23, 2000 judgment entry. In Wolfe, the Ohio Supreme Court stated that courts are to apply the statutory law that was in effect on the date of issuance of each new insurance policy. Wolfe, 88 Ohio St.3d at 250, 725 N.E.2d at 265, following Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,695 N.E.2d 732. The Court went on to explain that under R.C. 3937.31(A), every contract of automobile liability insurance must include, at the very least, a guaranteed two-year policy period during which the terms cannot be modified except by agreement of the parties and in accordance with the relevant provisions of the Ohio Revised Code. Wolfe,88 Ohio St.3d at 250, 725 N.E.2d at 265. Furthermore, the Court stated that "the commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy." Id.
Therefore, in order to determine whether the provisions of Am.Sub.S.B. No. 20 ("S.B. 20"), which became effective October 20, 1994, are applicable to a given case, the trial court generally must determine the original issuance date of the insurance contract and count successive two-year periods from that date. Id. The legislation would be incorporated into the contract if a new mandatory policy period commenced after the October 20, 1994 effective date. Id.
Again, in this case, the judgment entry is clear that the trial court considered the Wolfe decision in determining that summary judgment was appropriate. The accident occurred on June 26, 1997. The record conclusively establishes that each of Appellants' policies were in effect at the time of the accident and that the new guaranteed policy periods began after the effective date of S.B. 20.
Under the current version of R.C. 3937.18, Appellants are precluded from obtaining underinsured motorist coverage. We first observe R.C.3937.18(A)(2), which allows an insurer to set off the tortfeasor's liability limits against their uninsured/underinsured coverage limits. The law states, in relevant part:
 Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
 In this case, each of Appellants' policies contained uninsured/underinsured coverage of $50,000 per person, the same as Anita Wells' automobile liability policy. Thus, in accordance with the plain language of the above statute, Appellee was entitled to set off the $50,000 of recovery already provided by the tortfeasor's insurer against that same amount contained in Appellants' policies.
Furthermore, R.C. 3937.18 precludes each of the appellants in this case from asserting a separate claim as a result of Taylor Stauffer's death, regardless of the fact that four automobile liability insurance policies were in effect at the time. For instance, R.C. 3937.18(G) states, in pertinent part:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section [uninsured/underinsured coverage] or selected in accordance with division (C) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages * * *.
 In addition to this anti-stacking provision, R.C. 3937.18(H) specifically permits an insurance company to "include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."
The language contained in the policies at issue contains such limitations. Thus, in accordance with the above quoted statutes, Appellants are subject to the highest per person coverage limit offered under the policies, i.e. $50,000. See also, Lyles v. Glover (Mar. 27, 2000), Allen App. No. 1-99-104, unreported.
In light of this outcome, we find it unnecessary to vacate the judgment and remand the matter for further consideration of the Supreme Court's decision announced in Moore, supra, as Appellants urge us to do. InMoore, the Court held, "R.C. 3937.18(A)(1), as amended by [S.B. 20], does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer." Moore, 88 Ohio St.3d 27,723 N.E.2d 97, at the syllabus. Since it has already been established that the insureds in this case are precluded from recovering uninsured/underinsured damages from Appellee for entirely separate reasons, the issues addressed in Moore have not been implicated.
Based upon the foregoing, we find Appellant's first assignment of error to be without merit and we overrule the same.
 Assignment of Error II
Procedurally, the court erred in awarding summary judgment to the Defendant contrary to the requirements of Civ.R. 56.
As a threshold matter, we set forth the standard of review to be employed when considering the propriety of the granting of summary judgment. This Court utilizes the same standard for summary judgment as did the trial court. Lyles, supra. It is well established that summary judgment is not appropriate unless it can be said that (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) in construing the evidence most strongly in favor of the opposing party, reasonable minds could only conclude in favor of the movant. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-687, 653 N.E.2d 1196.
The initial burden rests with the movant to notify the court of the grounds for the motion and point to those portions of the record that indicate the absence of a genuine issue of material fact. See, e.g.,Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Those portions of the record include the pleadings, discovery materials, affidavits, transcripts of evidence and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once this initial burden has been satisfied, the burden then shifts to the non-moving party to articulate specific facts, in the manner prescribed by Civ.R. 56(C), demonstrating that a genuine issue exists and that the case should proceed to trial. Dresher, 75 Ohio St.3d at 293, 662 N.E.2d 264.
Appellants argue that since Appellee failed to provide specific evidence tending to show when the new guarantee periods for the insurance policies commenced, the trial court erred in granting summary judgment based upon the relevant sections of R.C. 3929.18, as amended by S.B. 20. Despite this assertion, we find that Appellee did produce such evidence by attaching the declarations page of each policy to the motion for summary judgment. These pages indicate that the policies were in effect at the time of the accident, and that a new guarantee period began on all contracts after the enactment of S.B. 20. Therefore, because the record demonstrates the absence of a genuine issue of material fact, we conclude that Appellee was entitled to judgment as a matter of law.
Appellants' second assignment of error is overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 SHAW and HADLEY, JJ., concur.