[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 544.]

ALRJUB, ADMR., APPELLANT, *v.* WHEELER ET AL.; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

[Cite as *Alrjub v. Wheeler*, 2000-Ohio-407.]

*Automobile liability insurance—Uninsured/underinsured motorist coverage— Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 99-1405—Submitted April 11, 2000—Decided May 24, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1171.

————————————

*Frederic R. Kass* and *Daniel J. Fletcher*, for appellant.

*Gallagher, Bradigan, Gams, Pryor & Littrell, L.L.P., James R. Gallagher* and *Darrell M. Pierre, Jr.*, for appellee.

————————————

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for further proceedings and consideration, where applicable, of the Supreme Court's decisions in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**Douglas, J., concurring.**

{¶ 2} I concur for the reasons set forth in my concurrence in *Stickney v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 504, 727 N.E.2d 1286.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent because I do not agree that *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, or *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97, applies to this case. A remand for application of either one of these cases will result in the parties and the court below struggling to comply with an order that has no relevance to the issues.

{¶ 4} In this case, appellant challenges the constitutionality of R.C. 3937.44 and asks this court to allow the wrongful death beneficiaries of decedent Mohammed Alrjub to recover the per-accident limit of *liability* insurance, not uninsured motorist/underinsured motorist insurance, from the tortfeasor. The issue of whether the insurance contract constitutes a new contract or a renewal, or the issue of UM/UIM coverage, was not raised in the court below. This court will not ordinarily consider a claim of error that was not raised in any way in the appellate court and was not considered or decided by that court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph two of the syllabus.

{¶ 5} However, to the extent that the majority believes that these cases apply, I respectfully dissent for the reasons set forth in the dissenting opinions in *Wolfe v. Wolfe,* 88 Ohio St.3d at 252-255, 725 N.E.2d at 267-269, and *Moore v. State Auto. Mut. Ins. Co.* 88 Ohio St.3d at 33-36, 723 N.E.2d at 103-105.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

————————————