MICHAEL, Successor Admr., Appellant,

v.

RELIANCE NATIONAL INSURANCE COMPANY, Appellee.

[Cite as *Michael v. Reliance Natl. Ins. Co.* (2000), 140 Ohio App.3d 346.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1002.

Decided June 8, 2000.

*Lamkin, Van Eman, Trimble, Beals & Rourke* and *Michael J. Rourke,* for appellant.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Jay B. Eggspuehler* and *Samuel L. Pipino,* for appellee.

LAZARUS, Judge.

Appellant's decedent was killed when an airplane in which she was a passenger crashed at a public airstrip in Weston, West Virginia on May 27, 1995. The plane had been leased from the Columbus Northwest Flyers Flying Club and William C. Lint, insureds under a liability insurance policy issued by appellee. On May 23, 1997, appellant filed a wrongful death and survivorship action against numerous defendants, including appellee's insureds.

The liability insurance policy, issued by appellee to its insureds, provided liability coverage for damages due to bodily injury, including death, to passengers of the airplane with limits of $100,000 per person and $1,000,000 per occurrence. Moreover, as permitted by R.C. 3937.44 (as enacted by Am.Sub.S.B. No. 20 in 1994), the policy also contained language purporting to limit coverage to the single per-person limit for all claims arising from a single bodily injury, including death, to each passenger resulting from a single accident. Based upon this provision, appellee contended that its liability to appellant in the underlying actions was limited to the $100,000 single per-person limit.

On November 4, 1997, appellant filed this declaratory judgment action seeking an order that the provision limiting the claims of the five wrongful death beneficiaries and the estate's survivorship claim to the single per-person limit was void and unenforceable under the Ohio Constitution. In particular, appellant alleged that the provision, and R.C. 3937.44 authorizing such provisions, violated the prohibition against limiting damages for wrongful death found in Section 19a, Article I, Ohio Constitution.

On November 30, 1998, appellee moved for summary judgment on appellant's declaratory judgment action. Appellee argued that it was entitled to judgment as a matter of law because: (1) appellant lacked standing to bring the action; (2) appellant's declaratory judgment action was barred by the two-year wrongful death statute of limitations; and (3) R.C. 3937.44, authorizing the policy's provision limiting coverage to the single per-person limit, did not violate the Ohio Constitution.

By decision and entry filed August 11, 1999, the trial court granted summary judgment in favor of appellee. The trial court held that appellant did have standing to bring his declaratory judgment action but that the action was time-barred because it was not brought within the two-year statute of limitations governing wrongful death actions. The trial court further held that even if the action were not time-barred, appellee was entitled to summary judgment because

R.C. 3937.44 did not violate Section 19a, Article I, Ohio Constitution. Finally, the trial court also ruled that R.C. 3937.44 did not violate the "right to a remedy" provision of Section 16, Article I, Ohio Constitution, an argument raised by appellant for the first time in his memorandum contra appellee's motion for summary judgment.

Appellant timely appealed, raising the following three assignments of error:

"First Assignment of Error

"The trial court erred in ruling that Plaintiff must file a declaratory judgment action against the tortfeasor's insurer within the two-year statute of limitations applicable to wrongful death actions.

"Second Assignment of Error

"The trial court erred in finding that the subject liability insurance policy consolidates all wrongful death claims into a single per-person limit because the policy does not include terms and conditions clearly and unambiguously consolidating all wrongful death claims into a single per-person limit.

"Third Assignment of Error

"The trial court erred in granting summary judgment in favor of Reliance National Insurance Company because policy language purporting to limit coverage for wrongful death claims to a single per person limit is unenforceable."

■ As an initial matter, we first address appellee's request that we strike appellant's second assignment of error because it raises a new issue not presented nor properly preserved at the trial court level.

In his declaratory judgment action, appellant sought an order that the provision in appellee's policy limiting coverage to the single per-person limit was unenforceable because it violated the Ohio Constitution. Appellant's complaint did not seek an order declaring that the provisions failed to clearly and unambiguously consolidate all wrongful death claims into a single per-person limit. Moreover, appellant never made such an argument to the trial court. Rather, appellant conceded for purposes of his declaratory judgment action that the challenged provision, if constitutional, limited coverage to the single per-person limit.

We therefore agree with appellee that appellant waived the issues presented in his second assignment of error, and strike appellant's assignment of error from consideration in this appeal. See *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 659 N.E.2d 1232 (defendant waived defense of primary assumption of risk by failing to raise it before or during the trial); *Cooper v. Grace Baptist Church of Columbus, Ohio, Inc.* (1992), 81 Ohio App.3d 728, 735,

612 N.E.2d 357, 361–362 (by failing to raise defense of privilege in their pleadings, defendants waived it).

■ As to appellant's remaining two assignments of error, we find that resolution of appellant's third assignment of error is dispositive of appellant's appeal. Even if the trial court erred in holding that appellant's action was time-barred by the two-year wrongful death statute of limitations (appellant's first assignment of error), the trial court correctly held that R.C. 3937.44, authorizing the policy's provision limiting coverage to the single per-person limit, was constitutional.

This and numerous other courts have held that R.C. 3937.44 does not violate Section 16, Article I, Ohio Constitution or Section 19a, Article I, Ohio Constitution. See, *e.g., Alrjub v. Wheeler* (June 30, 1999), Franklin App. No. 98AP–1270, unreported, 1999 WL 33261235 (R.C. 3937.44 does not violate Section 19a, Article I, Ohio Constitution); *Plott v. Colonial Ins. Co.* (1998), 126 Ohio App.3d 416, 710 N.E.2d 740 (R.C. 3937.44 does not violate Section 19a, Article I, Ohio Constitution); *Smith v. Mancino* (1997), 119 Ohio App.3d 418, 695 N.E.2d 354 (R.C. 3937.44 does not violate Section 19a, Article I, Ohio Constitution); *Coletta v. Yang* (Jan. 15, 1999), Montgomery App. No. 17289, unreported, 1999 WL 12724 (R.C. 3937.44 does not violate Section 19a, Article I, Ohio Constitution); *Jones v. Speelman* (Aug. 31, 1998), Stark App. No.1998CA00093, unreported, 1998 WL 667656 (R.C. 3937.44 does not violate Section 16, Article I, Ohio Constitution); *Francis v. McClandish* (Apr. 19, 1999), Athens App. No. 98CA21, unreported, 1999 WL 266680 (R.C. 3937.44 does not violate Section 16, Article I, Ohio Constitution). As such, appellee was entitled to summary judgment as to the merits of appellant's claims.

In so finding, we recognize that the Ohio Supreme Court has recently reversed and remanded *Alrjub* and *Coletta, supra,* to their respective trial courts for consideration "where applicable" of the Supreme Court's recent decisions in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, and *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97. See *Alrjub v. Wheeler* (2000), 88 Ohio St.3d 544, 728 N.E.2d 368; *Coletta v. Yang* (2000), 88 Ohio St.3d 538, 728 N.E.2d 364. We find, however, that neither *Wolfe* nor *Moore* effects our holding in this case, in that neither decision involved the constitutionality of R.C. 3937.44. Rather, *Wolfe* interpreted R.C. 3937.31(A), which mandates that every automobile liability insurance policy have a guaranteed two-year policy period, and *Moore* held that R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit *uninsured motorist coverage* in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer. This case does not implicate either statute or either issue.

For the foregoing reasons, appellant's second assignment of error is stricken, appellant's third assignment of error is overruled, and appellant's first assignment of error is rendered moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and PEGGY BRYANT, J., concur.