OPINION
On November 1, 1999, Cynthia Webb, administrator of the estate of Dannie Webb, filed a complaint for wrongful death in the Franklin County Court of Common Pleas against Progressive Insurance Company ("Progressive"). On March 1, 2000, Ms. Webb was granted leave to file an amended complaint instanter. The amended complaint added as a defendant Jerome L. Lacey and added a claim for a declaration as to the rights of each survivor to compensation under the uninsured motorist provision of Dannie Webb's insurance policy with Progressive. The plaintiffs and Progressive each filed motions for summary judgment. On June 30, 2000, the plaintiffs and Progressive stipulated to the following pertinent facts:
 1. Plaintiff Cynthia Webb * * * was appointed Successor Administrator of the Estate of Dannie Webb, Deceased * * *. She is also the mother, natural guardian, and next best friend of Tiffany Webb, a Minor, and Dana Webb, a Minor.
 2. * * * [D]efendant Progressive Insurance Company insured Dannie Webb under a policy or policies of automobile insurance, including uninsured motorist coverage.
 3. On or about August 8, 1998, * * * Dannie Webb was riding as a passenger in a motor vehicle being operated by Jerome L. Lacey. * * * Jerome L. Lacey * * * lost control of the vehicle * * * and crashed.
 4. Said collision occurred as a direct and proximate result of the negligence of Jerome L. Lacey. As a direct and proximate result thereof, Dannie Webb experienced severe bodily injuries which caused his death.
 5. The plaintiff is entitled to bring a wrongful death action pursuant to Ohio Revised Code Section 2125.01, et seq., as the Administrator of the Estate of Dannie Webb, Deceased, and as his personal representative, on behalf of and for the benefit of the Estate and the survivors of Dannie Webb, Deceased, to recover their claims, damages, and losses arising therefrom.
 6. The plaintiff has brought this action as the Administrator of the Estate of Dannie Webb, Deceased, and as his personal representative, on behalf of and for the benefit of the following persons, who are the survivors of Dannie Webb, Deceased * * *
 (a) Marla Fitzgerald, the surviving spouse of Dannie Webb * * *;
(b) Mara Fitzgerald-Webb, a daughter of Dannie Webb * * *;
(c) Leslie Fitzgerald-Webb, a son of Dannie Webb * * *;
(d) Tiffany Webb, a daughter of Dannie Webb * * *;
(e) Dana Webb, a son of Dannie Webb * * *.
 7. On August 9, 1998, Jerome L. Lacey was an uninsured motorist as contemplated by the policy of automobile insurance under which defendant Progressive Insurance Company insured Dannie Webb.
 8. Defendant Progressive Insurance Company has already paid to the Plaintiff one (1) per person limit of $25,000.00 and the medical payments limit of $1,000.00 under the policy * * *. Should the plaintiff prevail in the action before this Court, the plaintiff as administrator of the Estate of Dannie Webb, Deceased, as his personal representative, and on behalf of all survivors and beneficiaries shall be entitled to recover an additional $25,000.00 from the defendant which recovery shall exclude attorney fees and pre-judgment interest. * * * [Record at 42.]
On March 21, 2001, the trial court rendered a decision. The trial court found that the insurance policy clearly consolidated uninsured derivative claims into a single claim. Therefore, the plaintiffs were not entitled to any additional compensation, as Progressive had already paid the per person limit of liability of $25,000. Further, the trial court rejected each of the plaintiffs' constitutional challenges to the statute at issue, former R.C. 3937.18(H). A judgment entry was journalized on April 12, 2001, finding no just cause for delay.
The plaintiffs (hereinafter "appellants") have appealed to this court, assigning the following errors for our consideration:
 1. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that R.C. 3937.18, as amended by Am. Sub.H.B. [sic] 20, is constitutional as applied to wrongful death claims in that it does not violate Article IV, Section 1 of the Ohio Constitution mandating the separation of powers.
 2. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that R.C. 3937.18, as amended by Am. Sub.H.B. [sic] 20, is constitutional as applied to wrongful death claims in that it does not violate Article I, Section 19a of the Ohio Constitution prohibiting the limitation of damages in a wrongful death action.
 3. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that R.C. 3937.18, as amended by Am. Sub.H.B. [sic] 20, is constitutional as applied to wrongful death claims in that it does not violate Article I, Section 16 of the Ohio Constitution prohibiting the limitation of a right to a remedy.
 4. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that R.C. 3937.18, as amended by Am. Sub.H.B. [sic] 20, is constitutional as applied to wrongful death claims in that it does not deny equal protection of the laws in violation of Article I, Section 2 of the Ohio Constitution.
 5. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that R.C. 3937.18, as amended by Am. Sub.H.B. [sic] 20, is constitutional as applied to wrongful death claims in that it does not violate Article I, Section 2 of the Ohio Constitution prohibiting special privileges and immunities.
 6. The trial court below erred to the prejudice of the plaintiffs-appellants by holding that the automobile insurance policy issued by Progressive Insurance Company to Dannie Webb consolidated the wrongful death claims of the Estate and Survivors of Dannie Webb into a single per person claim.
Applicable to each of appellant's assignments of error is the standard used for summary judgment. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. The parties have presented no issues of fact, and the appeal turns only on questions of law relating to the interpretation of the insurance policy at issue and the constitutionality of former R.C. 3937.18(H).
We begin by noting that courts will decide constitutional issues only when absolutely necessary. See State ex rel. Mason v. Griffin (2000),90 Ohio St.3d 299, 304. Accordingly, we address appellant's sixth assignment of error first as it addresses the interpretation of the insurance policy.
Appellants contend that the uninsured motorist provision in the insurance policy issued by Progressive (hereinafter "appellee") does not unambiguously consolidate all derivative claims into a single claim. An insurance policy is a contract, and the relationship between the insured and the insurer is purely contractual in nature. Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 663. Words in an insurance policy must be given their plain and ordinary meaning. Blue Cross Blue Shield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120, 123. Where the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Scott-Pontzer at 664, citing King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
The insurance policy at issue in the case at bar states, in pertinent part:
PART III UNINSURED/UNDERINSURED MOTORIST COVERAGE
* * *
 Subject to the Limits of Liability, if you pay a premium for Uninsured/Underinsured Motorist Bodily Injury Coverage, we will pay for damages * * * which an insured person is entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:
1. sustained by the insured person;
2. caused by accident; and
 3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle or underinsured motor vehicle.
* * *
 LIMITS OF LIABILITY The Limit of Liability shown on the Declarations Page for the coverages under Part III is the most we will pay regardless of the number of:
1. claims made;
2. covered vehicles;
3. insured persons;
4. lawsuits brought;
5. vehicles involved in an accident;
6. premiums paid; or
7. policies issued by us.
* * *
If your Declarations Page shows a split limit:
 1. the amount shown for "each person" is the most we will pay for all damages due to a bodily injury to one (1) person;
 2. subject to that "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to bodily injury sustained by two (2) or more persons in any one (1) accident; * * *
* * *
 The bodily injury Limit of Liability under this Part III for "each person" includes the total of all claims made for such bodily injury and all claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death. * * * [Emphasis added.]
Appellant contends the language above could be construed to mean that the per person limit (which is $25,000) applies to each insured person and that each insured person has a $25,000 limit (subject to the per accident limit). Appellant contends that the policy language here is similar to the policy language at issue in this court's decision in Nicolini-Brownfield v. Eigensee (Sept. 16, 1999), Franklin App. No. 98AP-1243, unreported. The policy in Nicolini-Brownfield stated:
YOU AND A RELATIVE
 We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. * * *
* * *
 LIMITS OF PAYMENT AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:
 1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.
 The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence. Id. at 10-11.
Based on such language, this court concluded:
 The provisions above do not, as appellant-Nationwide contends, clearly and unambiguously state that all derivative claims are consolidated into a single claim. Rather, the provisions can reasonably be construed to mean simply that the $100,000 per-person limit for bodily injury claims applies to "anyone," including "anyone" who brings a derivative claim and that no separate limits are available to anyone for such derivative claims. In other words, under the above provision, "anyone" who brings a derivative claim under the policy is limited to the $100,000 per-person limit and is not entitled to a different or separate limit. * * * Id. at 11-12.
The policy language in the case at bar is quite different from the policy language in Nicolini-Brownfield. The pertinent language in the policy at issue here states that, "[t]he bodily injury Limit of Liability * * * includes the total of all claims made for such bodily injury and all claims derived from such bodily injury." The language used is quite clear: the $25,000 limit of liability includes the total of all claims made and all claims derived from the bodily injury. Hence, this language cannot be read to conclude, as we did in Nicolini-Brownfield, that the $25,000 limit is available to any claimant separately. Rather, the language at issue here clearly consolidates all claims into a single claim.
The trial court did not err in so concluding. Accordingly, appellant's sixth assignment of error is overruled.
We now reach the constitutional issues set forth by appellant. Appellant contends that R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, is unconstitutional on several bases. R.C. 3937.18(H), in effect at the pertinent time herein, stated:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.[1]
Section 10 of Am.Sub.S.B. No. 20 states:
 It is the intent of the General Assembly in enacting division (H) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable.
Since its passage, various portions of Am.Sub.S.B. No. 20 have been the subject of countless constitutional challenges at the trial and intermediate appellate levels. In Beagle v. Walden (1997),78 Ohio St.3d 59, the Supreme Court of Ohio addressed a question certified from the United States District Court for the Northern District of Ohio, Eastern Division. The Supreme Court was asked whether R.C.3937.18(A)(2) was unconstitutional on any grounds under the facts of the case. Id. at 60.[2] The Supreme Court concluded that R.C. 3937.18(A)(2) did not violate the one-subject rule. The opinion went on to discuss the constitutionality of R.C. 3937.18(A)(2) in the context of the separation of powers doctrine, the Equal Protection Clause of the Ohio Constitution, the right to a remedy provision of Section 16, Article I of the Ohio Constitution, and the Privileges and Immunities Clause of the Ohio Constitution. However, the opinion in this regard did not muster a majority of the members of the Supreme Court. R.C. 3937.18(H) was not at issue in Beagle.
The Supreme Court of Ohio has yet to pass on the constitutionality of R.C. 3937.18(H). However, this court and many other appellate courts have addressed various constitutional challenges to its validity. It is under these decisions that we pass on appellants' arguments.
In their first assignment of error, appellants contend that (former) R.C. 3937.18(H) violates the separation of powers doctrine by usurping the judicial authority conferred upon Ohio courts. As indicated above, the General Assembly's purpose in amending R.C. 3937.18(H) in Am.Sub.S.B. No. 20 was to supersede the effect of the holding in Savoie that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person. Appellants assert that the General Assembly violated the separation of powers doctrine by legislatively overruling the decision in Savoie. For the reasons that follow, we reject appellants' argument.
Appellee contends that this issue has already been determined by this court in Scancarello v. Erie Ins. Co. (July 25, 1996), Franklin App. No. 96APE02-166, unreported. Appellee is correct. In Scancarello, this court stated that under appropriate circumstances the General Assembly may supersede the prospective application of a Supreme Court decision through its general power to make legislative changes. Id., citing Cartwright v. The Maryland Ins. Group (1995), 101 Ohio App.3d 439, 443. We further stated that a decision by the General Assembly to enact legislation to supercede a Supreme Court decision by name is no more an infringement on the power of the judiciary than a decision by the Supreme Court to declare a statute unconstitutional is an infringement on the power of the General Assembly to enact legislation. Scancarello.
While the judiciary retains the power to nullify legislation that violates constitutional provisions, the judiciary was obligated to respect the General Assembly's expression of its disagreement with the Supreme Court's interpretation of R.C. 3937.18 in Savoie. Id. Thus, this court rejected the argument that R.C. 3937.18(H) violated the separation of powers doctrine. Id.
Appellants assert that Scancarello is no longer good law given the Supreme Court's subsequent decision in State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451. However, the analysis set forth in Sheward does not apply to the case at bar. In Sheward, the Supreme Court passed on the constitutionality of Am.Sub.H.B. No. 350, which imposed certain statutes of repose. The Supreme Court held, in part, that Am.Sub.H.B. No. 350 was unconstitutional because it usurped judicial power in violation of the separation of powers. Id. at paragraph two of the syllabus. The Supreme Court stated that in enacting Am.Sub.H.B. No. 350, the General Assembly chose to usurp the court's constitutional authority by refusing to recognize cases that had held that the General Assembly was constitutionally precluded from depriving a claimant of a right to a remedy before the claimant knew or should have known of an injury. Id. at 476.
Am.Sub.H.B. No. 350 attempted to overrule judicial declarations of unconstitutionality. Id. at 492. However, the legislature does not have the final say as to the meaning of the Constitution — the judiciary does. Id. at 493. The Supreme Court stated that a legislative enactment that denies the binding effect of the Supreme Court's interpretation of the Ohio Constitution violates the separation of powers. Id. at 505.
The principles set forth above are not implicated in the case at bar. Am.Sub.S.B. No. 20 overruled the Supreme Court's holdings in Savoie. However, these holdings, as opposed to the holdings in the pertinent cases in Sheward, turned on the Supreme Court's interpretation of former R.C. 3937.18, not on the constitutionality of the statute. Hence, in legislatively overruling Savoie, the General Assembly did not usurp the exclusive power of the judiciary to finally determine the constitutionality of legislation. Instead, the General Assembly did what it has the power to do — enact legislation that expresses its disagreement with the Supreme Court's interpretation of a statute. See Scancarello, supra.
Given all of the above, we determine that R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, does not violate the separation of powers doctrine. Accordingly, appellants' first assignment of error is overruled.
In their second assignment of error, appellants contend that (former) R.C. 3937.18(H) limits damages recoverable in a wrongful death action in violation of Section 19a, Article I of the Ohio Constitution. Appellee asserts this issue has already been decided by this court in Alrjub v. Wheeler (June 30, 1999), Franklin App. No. 98AP-1171, unreported. However, appellants correctly point out that this court's judgment in Alrjub was vacated by the Supreme Court in Alrjub v. Wheeler (2000),88 Ohio St.3d 544.[3] Thus, we will not rely on our vacated decision in Alrjub. However, this court has determined the validity of R.C.3937.44, as amended by Am.Sub.S.B. No. 20, in the context of Section 19a, Article I of the Ohio Constitution.
In Michael v. Reliance Natl. Ins. Co. (June 8, 2000), Franklin App. No. 99AP-1002, unreported,[4] this court determined that R.C. 3937.44 did not violate Section 19a, Article I of the Ohio Constitution. R.C. 3937.44
contains essentially the same language as (former) R.C. 3937.18(H) and applies to any liability policy of insurance (in Michael, the insurance policy at issue provided liability coverage for damages due to bodily injury, including death, to passengers of an airplane). This court cited previous decisions that had determined R.C. 3937.44 did not violate Section 19a, Article I, including our decision in Alrjub. We noted that Alrjub had been vacated and remanded for consideration in light of Wolfe and Moore but that neither Wolfe nor Moore affected the decision at hand.
R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, is the uninsured/underinsured automobile liability policy counterpart to R.C.3937.44. They both purport, in essence, to allow liability policies to consolidate all claims into a single claim. Because this court has already determined that R.C. 3937.44 does not violate Section 19a, Article I of the Ohio Constitution, we feel compelled to follow such ruling in regard to former R.C. 3937.18(H), at least until the Supreme Court determines otherwise.
Having determined that former R.C. 3937.18(H) does not violate Section19a, Article I of the Ohio Constitution, appellants' second assignment of error is overruled.
In their third, fourth and fifth assignments of error, appellants contend that (former) R.C. 3937.18(H) violates Section 16, Article I (right to a remedy), the Equal Protection Clause, and the Privileges and Immunities Clause of the Ohio Constitution. This court has previously rejected these arguments in Scancarello, supra. Hence, we feel compelled to follow our previous decision on these matters, again, at least until the Supreme Court determines otherwise.
Accordingly, appellants' third, fourth and fifth assignments of error are overruled.
In summary, each of appellants' assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER and BROWN, JJ., concur.
[1] R.C. 3937.18 has been amended several times since Am.Sub.S.B. No. 20. The latest version went into effect September 21, 2000.
[2] Former R.C. 3937.18(A)(2), as addressed in Beagle, stated essentially that no motor vehicle liability policy shall be issued unless underinsured motorist coverage was provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons. Sections 7 and 8 of Am.Sub.S.B. No. 20 state that (former) R.C.3937.18(A)(2) was amended to supercede the effect of the holding in Savoie, supra, relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage, and to declare that the purpose and intent of the General Assembly in enacting Am.H.B. No. 489 and Am.Sub.S.B. No. 20 was to provide an offset against the limits of the underinsured motorist coverage of those amounts available for payment from the tortfeasor's bodily injury liability coverage.
[3] The Supreme Court vacated our judgment in Alrjub and remanded the cause to the trial court for further proceedings and consideration, where applicable, of its decisions in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246
and Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27. Wolfe and Moore addressed issues that are not implicated in the case at bar, including the constitutionality of (former) R.C. 3937.18(H).
[4] We note that the Supreme Court allowed a discretionary appeal of this case in (2000), 90 Ohio St.3d 1451; however, the appeal was dismissed as being improvidently allowed in (2001),91 Ohio St.3d 1262.